# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SHIRLEY ANN LOCKE, )
)
    Plaintiff, )
)
v. ) No. 17-0355-CV-W-FJG
)
SUN LOAN COMPANY MISSOURI, INC., )
ET AL., )
)
    Defendants. )

## ORDER

Currently pending before the Court is Defendant Sun Loan Company Missouri, Inc.'s Motion to Dismiss (Doc. # 18); Counsel's Motion to Withdraw as Attorney (Doc. # 20); Plaintiff's Motion for Leave to File First Amended Complaint (Doc. # 29) and the parties' Joint Motion for Extension of Time to File Proposed Scheduling Order (Doc. # 31).

### I. BACKGROUND

Plaintiff initially filed a four count Complaint against Sun Loan Company Missouri, Inc. ("Sun Loan"), Royal Management Corporation, Equifax Information Services, LLC and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U. S. C. §§ 1581, *et seq.*[1] On September 20, 2011, plaintiff filed a Chapter 13 Bankruptcy in the Western District of Missouri. Plaintiff had an unsecured loan with Sun Loan that was discharged through plaintiff's Chapter 13 Plan. Plaintiff had three unsecured loans with defendant Noble under the names of Merit Brokerage, National Finance and Noble Finance that were also discharged in bankruptcy. Plaintiff

---

[1] Plaintiff has since settled with Equifax and Experian and they have been dismissed as defendants.

received her bankruptcy discharge on June 22, 2016. On December 27, 2016, Plaintiff requested and reviewed her credit reports from Equifax, Experian and Trans Union. Through a review of these reports, plaintiff became aware that the defendants were misreporting information on each of her reports. On February 8, 2017, plaintiff sent letters with her bankruptcy information to Experian disputing defendants' incorrect reporting. Plaintiff alleges that although defendants have removed some of the incorrect information, her credit report still contains false information.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

**A.      Motion to Dismiss/Motion to Leave to File Amended Complaint**

Defendant Sun Loan states that in plaintiff's February 8, 2017 dispute letter, plaintiff

requested that her information be upgraded to show "$0 Balance, not $684," and further "to show Discharged, not Account Charged off; $684 written off; $819 past due." Plaintiff further requested the removal of the $819 past due amount, the $684 charge off amount and the negative history from date of filing of September 20, 2011 to the present. Defendant states that a copy of the report generated by Experian on March 24, 2017 is attached as Exhibit G to plaintiff's Complaint and shows that everything that plaintiff requested regarding her credit report was completed. Defendant argues that plaintiff's Complaint should be dismissed because the factual allegations do not give rise to an entitlement to relief. Defendant argues that plaintiff's Complaint is seeking to hold Sun Loan liable for something that Sun Loan did not do.

In response, plaintiff states that while Sun Loan corrected some of the incorrect reporting, it failed to fully correct and remove the negative charge off payment history that was reported during plaintiff's Chapter 13 Bankruptcy and after her discharge. Plaintiff states that the FCRA civil liability rules make no exception for furnishers who violate their obligations as part of the investigation procedures pursuant to § 1681s-2(b). Plaintiff states that any furnisher who negligently fails to comply with any of these investigation requirements is liable to the consumer for actual damages, the costs of litigation and attorney fees. Plaintiff states that after receiving notice of a dispute from a credit reporting agency, one of a furnisher's duties is to review the information provided by the credit reporting agency and conduct its own investigation of the accuracy and completeness of the disputed information. Plaintiff states that she has properly alleged a claim against Sun Loan because she disputed the credit information which Sun Loan had furnished showing that the debt was charged off with a charge off balance of $684,

3

a past due balance of $819, an outstanding balance of $684, and a negative charge off payment history reported from the date of filing of September 20, 2011 to the present. Plaintiff alleges that Sun Loan failed to take reasonable steps through its investigation to fully and completely correct the inaccurate information on her report. Thus, plaintiff alleges Sun Loan subjected itself to liability under the FCRA by failing to conduct a reasonable investigation.

In <u>Addie v. Ocwen Loan Servicing, LLC</u>, No. 12-256(DWF/FLN), 2012 WL 2508024 (D.Minn. June 28, 2012), the Court noted that the language of 15 U.S.C. § 1681(a)(2) requires:

> that a *consumer reporting agency*, upon receipt of notice of a dispute from a consumer, promptly notify a furnisher of information of the dispute. 15 U.S.C. §1681i (a)(2)(A). Thus, in order for Plaintiff to state a claim under section 1681s-2(b)(1) against Defendant (a furnisher of information), Plaintiff must allege that a credit reporting agency notified Defendant of the inaccurate information, and that the furnisher of information failed to take required action.

<u>Id</u>. at *3 (internal citations omitted). In <u>Obarski Assoc. Recovery Sys.</u>, No. CIV. A. 13-6041JLL, 2014 WL 2119739 (D.N.J. May 20, 2014), the Court stated:

> This Court has recognized that consumers have a private right of action to enforce a furnisher's duty to investigate. . . .Further, this Court has held that to state a claim under [§ 1681s-2(b)], a plaintiff must plead that (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. . . .Thus, § 1681s-2(b) provides consumers a cause of action against furnishers of information that receive notice of disputed information on a credit report from a CRA but fail[ ] to investigate that dispute and continue to provide inaccurate information after receiving notice.

<u>Id</u>. at *3 (internal citations and quotations omitted).

In reply, Sun Loan states that in other jurisdictions the mere reporting to a credit

4

bureau of the existence of a debt, even one that is discharged, does not violate the FCRA. Sun Loan cites two cases: Riekki v. Midland Mortgage Company, No. 2:15-CV-2427JCM(GWF), 2016 WL 4425938 (D.Nev. July 28, 2016) and Davis v. Farm Bureau Bank, FSB, No. SA-07-CA-967XR, 2008 WL 1924247 (W.D.Tex. Apr. 30, 2008). In Riekki, the court found that reporting agencies are entitled to report debts for seven years after discharge as provided for in 15 U.S.C. §1681c. As the plaintiff's bankruptcy discharge was confirmed in October 2014, the court found that the defendant was entitled to report the debt for seven years and dismissed plaintiff's Complaint. However, the Court in that case analyzed the case under 15 U.S.C. § *1681c*, instead of the correct section 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) describes the duties furnishers of information like Sun Loan have in responding to a consumer's credit disputes about inaccuracies in their credit reports. Additionally, the Court notes that this case is currently on appeal. The other case which Sun Loan cites, Davis v. Farm Bureau Bank, FSB, 2008 WL 1924247, is also inapposite. In that case the Court granted summary judgment because the plaintiff had not satisfied the notice element of the statute. The notice to Experian is not at issue in the current case.

    The Court finds that plaintiff has sufficiently alleged the elements necessary to state a claim pursuant to 15 U.S.C. § 1681s-2(b). Plaintiff alleges that she sent notice of the inaccurate reporting to Experian on February 8, 2017. Plaintiff also alleges that Experian sent an automated consumer dispute verification ("ACDV") to Sun Loan as required by the statute. However, despite receiving notice of the inaccuracies, Plaintiff alleges that the incorrect reporting was not corrected on her Experian credit report and Sun Loan was still misreporting inaccurate information. As a result, plaintiff alleges that

5

she has suffered damages.  Accordingly, the Court hereby **DENIES** defendant Sun Loan's Motion to Dismiss (Doc. # 18).

Plaintiff has filed a Motion seeking leave to file a First Amended Complaint. Plaintiff states that she seeks to file an Amended Complaint in order to provide more specific and additional allegations of facts relating to the conduct of Sun Loan.  Plaintiff also seeks to correct the name of defendant Royal Management Corporation, which was incorrectly named in the original complaint.  Plaintiff also states that she has since dismissed her claims against defendants Equifax Information Services, LLC and Experian Information Solutions, Inc. and wishes to file an Amended Complaint reflecting that only Sun Loan and Noble Finance Corporation remain as defendants.  For good cause shown and with no opposition indicated, plaintiff's Motion for Leave to File a First Amended Complaint is hereby **GRANTED** (Doc. # 29).  Plaintiff shall file her First Amended Complaint within five (5) days of the date of this Order.

### B. Motion to Withdraw as Attorney

Clark Jones has moved for leave to withdraw as counsel for Royal Management Corporation.  Counsel states only that he has been instructed by Royal Management to withdraw as its attorney of record. However, there is no indication of what attorney or law firm will be assuming the representation of Royal Management in this litigation.  "It has been the law for the better part of two centuries . . .that a corporation may appear in the federal courts only through licensed counsel."  Supreme Pro Clean LLC v. Lowry, No. 16-5117-JLV, 2017 WL 3209450, *1 (D.S.D. Feb. 14, 2017)(quoting Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993)). "It is settled that 'the law does not allow a corporation to proceed pro se.'" Simitar

Entertainment, Inc. v. Silva Entertainment, Inc., 44 F.Supp.2d 986, 990 (1999)(quoting Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)).

Accordingly, the Court hereby **PROVISIONALLY DENIES** counsel's Motion to Withdraw (Doc. # 20). Before the Court will grant the Motion to Withdraw, new counsel must enter their appearance on behalf of Royal Management.

### C. Motion for Extension of Time

The parties have filed a joint motion for extension of time to file their proposed scheduling order. The parties state that they will need additional time to confer regarding the facts and discovery once the Motion to Dismiss and the Motion for Leave to Amend have been ruled. For good cause shown, the Court hereby **GRANTS** the Joint Motion for Extension of Time to file the Proposed Scheduling Order (Doc. # 31). The parties are hereby directed to file their proposed Discovery Plan and Scheduling Order pursuant to Local Rule 16.1(d) on or before **December 8, 2017**.

Date: November 13, 2017　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge